IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBRA LYNNE GRIMM                                                    PLAINTIFF

vs.                              Civil No. 5:07-cv-05196

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Debra Lynne Grimm ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate

judge to conduct any and all proceedings in this case, including conducting the trial, ordering the

entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant

to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment

in this matter.

## 1. Background:

Plaintiff protectively filed her applications for DIB and SSI on January 4, 2005. (Tr. 16, 325-

327). Plaintiff alleged she was disabled due to lower back and hip pain, hypertension, depression,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for
this case are referenced by the designation "Tr."

1

anxiety, left knee pain, heart murmur, a left wrist impairment, and arthritis in her hands. (Tr. 16, 88-96, 100, 105-110, 123-124, 126, 128, 132, 135, 137, 144-146, 151). Plaintiff alleged an onset date of July 1, 2003. (Tr. 105). These applications were initially denied on May 11, 2005 and were denied again on reconsideration on January 6, 2006. (Tr. 42-44, 322-324).

On February 22, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 36). This hearing was held on March 8, 2007 in Fayetteville, Arkansas. (Tr. 351-398). Plaintiff was present and was represented by counsel, Evelyn E. Brooks, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and she had completed the tenth grade of high school. (Tr. 356-357).

On April 13, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB. (Tr. 16-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2003. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2003, Plaintiff's alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorders of the back, depression, and hypertension. (Tr. 19-21, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 21-23). At the administrative hearing, Plaintiff claimed

she could not walk long distances and was unable to sleep due to her disability. (Tr. 374). Plaintiff

claimed she suffered from pain ranging from a three or a four (out of ten) on the days her pain did

not "flare up." (Tr. 375). She claimed she had trouble bending (Tr. 376), had migraine headaches

two to three times a week that could last the entire day (Tr. 377-378), suffered from hands that

tingled "all the time" (Tr. 378), suffered from depression that caused her to be unable to "think

straight" and caused her to "cry all the time" (Tr. 380), and had problems "communicating with the

public." (Tr. 380-381).

  The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant

to the requirements and factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 21-23). After

reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and

other limitations based upon several findings, including the following: (1) Plaintiff sought outpatient

psychiatric treatment "off and on" that never required hospitalization; (2) Plaintiff was often non-

compliant with medications and treatment; (3) Plaintiff performed extensive daily activities; and (4)

the record indicated that with proper psychiatric treatment, Plaintiff's depression and bipolar

problems could respond favorably. (Tr. 23).

  After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical

evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 21-23, Finding 5).

Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that at all times
> relevant to this decision, the claimant has had the residual functional capacity to lift
> ten pounds frequently and twenty pounds occasionally; sit six hours in an eight hour
> workday; stand and/or walk six hours in an eight hour workday. The claimant cannot
> climb scaffolds, ladders, or ropes. As of her date last insured, the claimant could
> perform jobs which involve non-complex, simple, instructions and routine repetitive
> tasks, which are learned by rote with few variables and use of little judgment, and
> which involves concrete, direct and specific supervision. More recently, the claimant

has been further limited to only those jobs which involve only superficial contact with the public which is incidental to the work performed.

(Tr. 21-23, Finding 5).  *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy. (Tr. 23-25, Findings 6, 10).  First, the ALJ determined Plaintiff's PRW included work as a retail sales person (light, semiskilled work) (medium to heavy, as performed), retail sales person (light, semi-skilled work), cleaner (light, semiskilled), and babysitter (light, semiskilled) (unskilled, as performed). (Tr. 23, Finding 6).  The ALJ determined Plaintiff could no longer perform any of this PRW.  (Tr. 23, Finding 6).

Second, the ALJ heard testimony from the VE and found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  (Tr. 24-25, Finding 10).  Specifically, the VE testified that Plaintiff could work as (1) a sales attendant in a self-service store (light, unskilled) with 225 such jobs in the local area, 2,500 jobs in the state, and 50,000 jobs in the nation; (2) an assembly worker in production (light, unskilled) with over 500 such jobs in the local area, 7,185 jobs in the state, and 505,421 jobs in the nation; and (3) a fast foods worker (light, unskilled) with over 200 such jobs in the local area, over 2,000 jobs in the state, and 150,000 jobs in the nation.  (Tr. 25).  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from July 1, 2003 through April 12, 2007, the date of the ALJ's decision.  (Tr. 25, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 8). On August 30, 2007, the Appeals Council declined to review this determination.  (Tr. 4-6).  *See* 20 C.F.R. § 404.984(b)(2).  On November 2, 2007, Plaintiff filed the present appeal.  (Doc. No. 1).  The

4

parties consented to the jurisdiction of this Court on November 21, 2007.  (Doc. No. 4).  Both parties

have filed appeal briefs.  (Doc. Nos. 7-8).  The case is now ready for decision.

## 2. __Applicable Law:__

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

5

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to consider Plaintiff's impairments in combination; (B) the ALJ erred in evaluating Plaintiff's subjective complaints; (C) the ALJ erred in determining that Plaintiff retained the RFC for light work; and (D) the ALJ erred by failing to fully and fairly develop the record.  (Doc. No. 7, Pages 2-20).  In response to Plaintiff's arguments, Defendant claims the ALJ's disability determination is supported by substantial evidence in the record.  (Doc. No. 8, Pages 4-18).  Specifically, Defendant claims that substantial evidence supports the ALJ's RFC determination; the ALJ properly considered

Plaintiff's impairments in combination; the ALJ properly assessed, and discounted, Plaintiff's subjective complaints for legally-sufficient reasons; and the ALJ fully and fairly developed the record. (Doc. No. 8, Pages 4-18). Because the ALJ erred by failing to evaluate Plaintiff's obesity, this case must be reversed and remanded.[2]

Pursuant to Social Security Ruling ("SSR") 02-1p, the SSA is required to consider a claimant's claimed obesity when determining whether the claimant is disabled.  The SSA will consider obesity in determining whether: (1) the individual has a medically determinable impairment, (2) the individual's impairment(s) is severe, (3) the individual's impairment(s) meets or equals the requirements of a listed impairment in the Listings, and (4) the individual's impairment(s) prevents him or her from doing past relevant work and other work that exists in significant numbers in the national economy.  *See* SSR 02-1p.

In the present action, Plaintiff's medical records establish that she was morbidly obese.  For example, on April 29, 2005, Dr. Randy Conover reported Plaintiff was four foot, eleven inches tall and weighed 212 pounds. (Tr. 226).  Dr. Conover found that, at this weight, Plaintiff was considered to have "morbid obesity." (Tr. 230).  Results from later medical appointments also indicated that Plaintiff suffered from morbid obesity.[3] (Tr. 280).  At this weight and height, Plaintiff's Body Mass ("BMI") Index was 42.8.  *See* Department of Health and Human Services – National Institutes of Health, http://www.nhlbisupport.com/bmi/bmicalc.htm.  This BMI is considered to be at the highest

---

[2] Plaintiff raised this issue in her briefing: "Moreover, the ALJ did not seriously consider Ms. Grimm's morbid obesity as a contributing factor to her impairments." (Doc. No. 7, Page 16).  However, even if Plaintiff had not raised this issue, this Court could raise this issue *sua sponte*.  *See Battles v. Shalala,* 36 F.3d 43, 45 n.2 (8th Cir. 1994).

[3] However, on December 1, 2005, at a mental status evaluation, Plaintiff only *reported* standing five feet tall and weighing 200 pounds. (Tr. 280).  Because Plaintiff was not actually weighed and measured, the results from this appointment are presumably not as accurate as the results from the April 29, 2005 appointment.

level of obesity (Level III of obesity).  *See* SSR 02-1p.  At Level III, the SSA has noted the following: "Generally, physicians recommend surgery when obesity has reached level III (BMI 40 or greater). . . . Surgery is generally a last resort with individuals for whom other forms of treatment of failed."  *Id.*

However, despite this high BMI and despite Plaintiff's diagnosis for morbid obesity and her obvious limitations due to her morbid obesity, the ALJ did not fully evaluate her obesity pursuant to SSR 02-1p.  This case must be reversed and remanded for further consideration of Plaintiff's obesity consistent with SSR 02-1p.[4]

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this  29th  day of October, 2008.**

/s/   Barry A. Bryant_____
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] It does not appear that Plaintiff specifically raised her obesity as a disability in her application or in the documents she filed with the SSA.  (Tr. 16,  88-96, 100, 105-110, 123-124, 126, 128, 132, 135, 137, 144-146, 151). However, Plaintiff testified at the administrative hearing and the presence or absence of her obesity would have been apparent at that hearing.  (Tr. 351-398).  Furthermore, Plaintiff's obesity was referenced several times in her medical records, and in rendering her opinion, the ALJ should have given *adequate weight* to all evidence which was offered by the claimant.  *See Burress v. Apfel,* 141 F.3d 875, 877 (8th Cir. 1998) (noting that the ALJ must take into consideration the entire record).  Therefore, the ALJ should have evaluated Plaintiff's obesity.